UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PAUL CHEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MISC. ACTION NO. V-09-11 |
| | § | |
| TERRY COX, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

The following motions are presently before the Court: Plaintiff's Ex Parte Motion for Permission to Continue to Proceed *in Forma Pauperis* (Dkt. No. 1); Ex Parte Motion for a Court-Appointed Attorney (Dkt. No. 2); Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4); Motion Objecting to South Port Alto MUD Petition (Dkt. No. 9); Motion to Have All the Documents in this Case Sealed (Dkt. No. 11); Ex Parte Motion for Removal of Civil Rights Cases from the State Court to the District Court Pursuant to § 1443 (Dkt. No. 12); Ex Parte Motion Suggesting Voluntary Recusal of Judges Under Special Circumstances (Dkt No. 13); and Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 16).

### Background

A number of Plaintiff's motions appear to be based on events surrounding various lawsuits Plaintiff has filed in the Southern District of Texas throughout the last decade. Thus, a brief summary of those cases is in order.

In 2002, Plaintiff filed a notice of appeal of Bankruptcy Case No. 96-24925 in the Houston Division, which United States District Judge Vanessa Gilmore dismissed after Plaintiff

failed to file a brief. *In re: Chen*, No. 4:02-CV-4794. Plaintiff subsequently filed a number of motions seeking to vacate Judge Gilmore's dismissal of his appeal, all of which were denied. Then in 2004, Plaintiff filed three more civil cases, again attempting to appeal Judge Wesley Steen's various rulings in the same bankruptcy case. *In re: Chen*, Nos. H:04-CV-3084; H:04-CV-3426; H:04-CV-4003.[1] In an order dated March 22, 2005, Judge Gilmore affirmed the decision of the bankruptcy court and denied Plaintiff's appeal. *In re: Chen*, No. H:04-CV-3084.

A year later, Plaintiff filed a lawsuit in this Court, which was also related to Bankruptcy Case No. 96-24925 and his various appeals of that matter. *Chen v. United States of America, et al.*, No. V:06-CV-78. In that action, Plaintiff alleged fraud, racial discrimination, "Procedural and Substantive Unconcoscionality," "bankruptcy crimes," "bankruptcy frauds," and treason against 27 defendants, including the United States, former U.S. Attorney General Alberto Gonzales, numerous bankruptcy trustees, Bankruptcy Judge Steen, several attorneys in Corpus Christi, Port Lavaca, and Victoria, Texas; Terry Cox; Anita Koop; Anita's Resort Properties; American Express; and the Calhoun County, Texas Sheriff.[2]

The Court granted Plaintiff's request to proceed *in forma pauperis* in Civil Action No. V:06-78 and ordered him to prepare a summons for each defendant pursuant to Federal Rule of Civil Procedure 4, so that the Clerk could execute service. Despite being warned that failure to comply with the Court's orders would result in dismissal, Plaintiff failed to prepare the summons, even after being granted additional time to do so. As a result, the Court dismissed Plaintiff's action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff moved to vacate the Court's order of dismissal, and the Court refused, noting Plaintiff had repeatedly failed to comply with the Court's orders. Plaintiff then filed another motion

---

1. The cases were consolidated into H:04-CV-3084.
2. Plaintiff also named a number of individuals he referred to as "Joinders," but it is unclear whether Plaintiff intended these people to be defendants or his co-plaintiffs.

seeking relief from the Court's order dismissing the case, entitled "Motion for Equitable Relief in the Exercise of this Court's Inherent Article III Powers, and for Relief from Judgment." The Court again refused to vacate its order of dismissal and admonished Plaintiff from filing further motions seeking reversal or modification of the Court's Order of Dismissal. Plaintiff made no more filings in Civil Action No. V:06-78, and he did not appeal any of the Court's orders in that case.

On July 30, 2009, Plaintiff attempted to initiate another civil action against Terry Cox, Anita Koop, and Anita's Resort Properties, Inc., this time in the Corpus Christi Division. Plaintiff mailed his Ex Parte Motion for Permission to Continue to Proceed In Forma Pauperis (Dkt. No 1); Ex Parte Motion for a Court-Appointed Attorney (Dkt. No. 2); Ex Parte Motion for Emergency Action Requiring a Three-Judge Panel from Another Jurisdiction (Dkt. No. 3); Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4); and Memorandum Supporting Plaintiff's Ex Parte Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, Other Equitable Relief (Dkt. No. 5), along with a cover letter to then Chief Judge Hayden Head, requesting special attention to his *in forma pauperis* application and request for injunctive relief.  Chief Judge Head ordered the papers filed as a miscellaneous lawsuit in this Court, on the basis that "[t]he Chief Judge does not 'sit as a quasi-appellate court and review the decisions of other judges in the district.'" (Dkt. No. 6 (quoting *In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997).)

Plaintiff has since flooded the Court with a plethora of motions, objections, memoranda, and other pleadings including his Original Petition for Declaratory Judgment Against Terry J. Cox, et. al (Dkt. No. 10), which appears to also name Torsten Norman-Peterson and Butch

3

Houck as defendants in this case. Having finally navigated through hundreds of pages of Plaintiff's filings, the Court hereby rules as follows:

### I.      Plaintiff's Motions to Proceed *in Forma Pauperis* (Dkt. Nos. 1 & 16)

The Court previously addressed Plaintiff's Ex Parte Motion for Permission to Continue to Proceed in Forma Pauperis (Dkt. No. 1) in an Order dated March 8, 2010. (Dkt. No. 15.) Because Plaintiff had not submitted a proper application to proceed *in forma pauperis* at that time, the Court ordered Plaintiff to submit either the filing fee or a completed application to proceed *in forma pauperis*, together with a certified statement of all assets, within thirty days. In response, Plaintiff submitted both a completed application to proceed *in forma pauperis* (Dkt. No. 16) and a "borrowed check in the amount of $350 to pay the filing fee under protest." (Dkt. No. 17.) However, Plaintiff requested that the Court refund the filing fee to "[his] lender Mr. Jesse Wood . . . upon the approval of [Plaintiff's] application to proceed *in forma pauperis*." (*Id.* at 2.)

Having reviewed Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 16), the Court finds that Plaintiff has made the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request to proceed *in forma pauperis* is GRANTED, and his filing fee will be returned.

### II.     Plaintiff's Ex Parte Motion for a Court-Appointed Attorney (Dkt. No. 2)

In addition to being allowed to proceed *in forma pauperis*, Plaintiff further contends that the Sixth and Fourteenth Amendments require the Court to appoint counsel to assist him in the prosecution of this case. (Dkt. No. 2 at 13.)

Contrary to Plaintiff's assertion, the appointment of counsel in civil cases is not a constitutional right; rather, it is a privilege that is justified only in exceptional circumstances. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212

(5th Cir. 1982). The record indicates that Plaintiff's complaints do not raise novel or complex issues, and Plaintiff's filings thus far show that he has both access to legal resources and the know-how to adequately investigate and present his case. *See id.* Plaintiff's Ex Parte Motion for a Court-Appointed Attorney (Dkt. No. 2) is therefore DENIED.

### III.    Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4)

Plaintiff has filed an 86-page, single-spaced motion for a temporary restraining order (TRO) (Dkt. No. 4), as well as a 71-page, single-spaced memorandum in support of that motion (Dkt. No. 5). Plaintiff claims that during his bankruptcy, Case No. 96-24925, Terry Cox, Anita Koop, and Anita's Resort Properties (collectively "Defendants") filed false proofs of claim against him, wrongfully foreclosed on his property, and obtained a fraudulent deficiency judgment against him. Plaintiff also claims that Defendants defrauded him of millions of dollars during "Plaintiff's 9/15/1989 purchase of the real estate of Sunilandings developments project and the stock of Sunilandings Utilities, Inc.," in violation of the Clean Water Act, the Securities Act of 1933, the Securities Exchange Act of 1934, and various other state and federal laws. (Dkt. No. 4 at 8.) Plaintiff further alleges that Defendants wrongfully seek to "liquidate the ill-gotten properties" by creating a South Port Alto Municipal Utility District on "the land rightfully belonging to [ ] Plaintiff." (Dkt. No. 4 at 23). As a result, Plaintiff asks the Court to enjoin the defendants from:

> (1) continuing to unjustly enrich themselves by retaining the wrongfully foreclosed properties, the fraudulently transferred assets, and the fraudulently obtained deficiency . . . as well as the false claims . . . made against Plaintiff's estate; (2) committing mail fraud . . . by making false representations to have the Enabling Act for the South Port Alto MUD District ready for presentation to the Texas Legislature . . . ; (3) continuing to unjustly enrich themselves by Omissions, Non-disclosure, and Fraud by Silence in the 9/15/1989 real estate and stock transactions of Sunilandings project and Sunilandings Utilities Inc. . . . ; (4) continuing to exercise unlawful control and dominion of non-debtor properties . .

> . ; (5) seeking to incorporate the wrongfully foreclosed and unlawfully controlled properties into the proposed South Port Alto MUD District; and (6) imposing the proposed MUD's bond . . . on the lot owners who have no need for the MUD District because they have already had Sunilandings Utilities, Inc.'s water and sewer services for over 10 years.

(Dkt. No. 4 at 2—3.)

The Fifth Circuit has explained that "[a] temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *Foreman v. Dallas County, Tex.*, 193 F.3d 314, 323 (5th Cir. 1999). A TRO or preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.*, 752 F.2d 1092, 1096 (5th Cir. 1985). In order to obtain injunctive relief, the plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunctive order would inflict on the non-movant; and (4) the injunctive order would serve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418—20 (5th Cir. 2001).

Rule 65(a)(1) of the Federal Rules of Civil Procedure further provides that no preliminary injunction may be issued unless the adverse party has notice. *See Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999). "Compliance with Rule 65(a)(1) is mandatory." *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992). A temporary restraining order may be granted without notice only if the requesting party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and that efforts have been expended to give notice to the adverse party. *See* FED. R. CIV. P. 65(b). Furthermore, the requesting party must

give security in the amount the court deems proper, unless the party is the United States or one of its officers or agencies. *See* FED. R. CIV. P. 65(c).

The Court finds that Plaintiff has failed to establish that he is entitled to the injunctive relief he seeks. Although he has made numerous allegations against Defendants, he has not offered proof demonstrating a substantial likelihood of ultimate success on the merits. Plaintiff has also failed to show that the threatened injury outweighs the harm the TRO would inflict on Defendants, or that a TRO would serve the public interest. Most importantly, Plaintiff appears to seek redress for harms that have already occurred, but fails to demonstrate that a TRO is necessary to prevent irreparable injury *in the future*. Instead, Plaintiff complains that "injury is not merely imminent; it has already occurred," and "injury 'is beyond remediation' in that Defendants Cox/Koop/Anita's have already obtained Plaintiff's properties by fraud . . . ." (Dkt. No. 4 at 7.) Finally, Plaintiff has not provided Defendants with the required notice of his request for a TRO, but instead filed his motion and memorandum in support under seal. Accordingly, Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4) is DENIED.

**IV.     Motion Objecting to South Port Alto MUD Petition (Dkt. No. 9)**

Plaintiff's next motion claims that Defendants' proposed South Port Alto Municipal Utility District (MUD) project "is not feasible, practicable, necessary, or a benefit to the land in the district," because Jesse Wood—whom the Court assumes is the same Jesse Wood that loaned Plaintiff the money to pay the filing fee in this case—already runs two water systems and a sewer system within walking distance from the proposed project. (Dkt. No. 9 at 2—3.) Attached to Plaintiff's motion are a number of documents, including a "Petition for Creation of Municipal

Utility District of South Port Alto," which is addressed to the Texas Commission on Environmental Equality (TCEQ).

Plaintiff's motion does not appear to seek any specific relief, except to "object" to the MUD project. To the extent Plaintiff wishes to enjoin the TCEQ from issuing a permit for the creation of a Municipal Utility District in of South Port Alto, the Court lacks subject matter jurisdiction over Plaintiff's request. *See Goliad County, Tex. v. Uranium Energy Corp.*, 2009 WL 1586688, *6 (S.D.Tex. June 5, 2009) (citing *Monk v. Huston*, 340 F.3d 279, 282—83 (5th Cir. 2003)). Plaintiff should present his arguments to the TCEQ, and not this Court. Accordingly, Plaintiff's Motion Objecting to South Port Alto MUD Petition (Dkt. No. 9) is DENIED.

### V.     Plaintiff's Motion to Have All the Documents in this Case Sealed (Dkt. No. 11)

Plaintiff next moves the Court to seal the record in this case. The Court first notes that it has allowed Plaintiff to file all his various motions and other pleadings in this action under seal. In fact, the only documents that are not under seal are Judge Head's Memorandum Opinion and Order directing the clerk to file Plaintiff's lawsuit in the Victoria Division (Dkt. No. 6) and this Court's Order denying Plaintiff's Motion for Emergency Action Requiring a Three-Judge Panel from Another Jurisdiction and ordering Plaintiff to submit a proper application to proceed *in forma pauperis* or pay the required filing fee (Dkt. No. 15).

Our courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir. 1981). The public's common law right, however, is not absolute, and access may be denied "where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598; *see Belo*, 654 F.2d at 430. Even though not absolute, the public's common law right of access to judicial papers establishes a presumption in favor of

open records. *Belo*, 654 F.2d at 434; *see also Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3rd Cir. 1988). Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

In determining whether to seal the record in this case, the Court is obliged to "balance the public's common law right of access against the interests favoring nondisclosure." *Nixon*, 435 U.S. at 599, 602. Because Plaintiff has failed to provide any justification whatsoever for sealing the record, the balance tips overwhelmingly in favor of disclosure. Plaintiff's Motion to Have All the Documents in this Case Sealed (Dkt. No. 11) is therefore DENIED.

## VI. Plaintiff's Ex Parte Motion for Removal of Civil Rights Cases from the State Court to the District Court Pursuant to § 1443 (Dkt. No. 12)

Plaintiff moves the Court to remove and consolidate a number of state cases he claims are either "still pending or were adjudicated without any subject matter jurisdiction," namely "135th Judicial District Court Cause No. 96-1-13018[;] 135th Judicial District Court Cause No. 96-8-13090[;] 135th Judicial District Court Cause No. 07-02-0177[;] County Court at Law Number one Cause No. 04-CV-57[;] [and] 11th Judicial Circuit Court Cause No. 94-22619." (Dkt. No. 12 at 5.) As authority for removal, Plaintiff cites 28 U.S.C. § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Based on the cursory citations provided in Plaintiff's motion, it is unclear whether any of the cases Plaintiff wishes to remove to this Court are currently pending in a state court located within the Victoria Division or even within the Southern District of Texas. Plaintiff also fails to provide any information regarding the subject matter of the state cases he wishes to remove to this Court, and although Plaintiff claims that "[a]ll the pleadings filed in this case and those of V-6-78 clearly show that Plaintiff's civil rights were seriously violated" (Dkt. No. 12 at 5), he does not explain how or by whom his rights were violated in the state cases. Moreover, it is unclear whether Plaintiff is even a party to any of the state cases he wishes to remove to this Court; although Plaintiff's claim that his rights were violated suggests that if he is a party, he is the plaintiff in these cases. Section 1443, however, provides that such civil rights cases may be removed to federal court by the *defendant*.

Plaintiff's request for removal does not meet the requirements set forth by § 1443, and his Ex Parte Motion for Removal of Civil Rights Cases from the State Court to the District Court Pursuant to § 1443 (Dkt. No. 12) is therefore DENIED.

### VII. Plaintiff's Ex Parte Motion Suggesting Voluntary Recusal of Judges under Special Circumstances (Dkt No. 13)

On March 8, 2010, the Court entered an Order addressing Plaintiff's Ex Parte Motion for Emergency Action Requiring a Three-Judge Panel from Another Jurisdiction (Dkt. No. 3). (Dkt. No. 15.) In that Order, the Court construed Plaintiff's motion regarding a three-judge panel as a motion for the undersigned judge to recuse and denied the motion because "the undersigned has received no notice that he has been sued," and "a threat to sue does not require a judge to recuse." (*Id.* at 1 (citing *In re: Hipp*, 5 F.3d 109, 116 (5th Cir. 1993)).) At the time that Order was entered, the Court was unaware of Plaintiff's Ex Parte Motion Suggesting Voluntary Recusal of Judges under Special Circumstances (Dkt No. 13), in which Plaintiff contends that the

10

undersigned must recuse because he is now a party to this action. (Perhaps confusion resulted from the document being filed under seal.)

Although Plaintiff has not yet filed a complaint against the undersigned, his Motion Suggesting Voluntary Recusal appears to name the undersigned, as well as Judges Vanessa Gilmore and Wesley Steen, as defendants in the caption of the case. The motion also provides that at some point, Plaintiff intends to file "PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT FOR REINSTATEMENT OF THE SIX COMPLAINTS FILED IN CIVIL ACTION V-06-78, VACATUR OF VOID ORDERS AND COMPLAINTS AGAINST JUDGE RAINEY, ET AL. IN THEIR PERSONAL CAPACITIES." (Dkt. No. 13 at 3 (capitalization in original).)

"Normally, when a judge is sued, and is also assigned to the case, the required action is to simply recuse oneself and have another judge decide the matter. [28 U.S.C.] § 455(b)(5)(i). Indeed, the statutory section heading provides that the judge 'shall recuse himself.'" *Mellow v. Sacramento County*, 2008 WL 2169447, *2 (E.D.Cal. May 23, 2008). However,

> [W]hen vexatious litigants sue multiple judges on multiple occasions . . . for whatever preposterous allegations they determine to allege, an assigned, but sued judge, has the duty to say, "enough is enough." The Supreme Court has recognized that although the use of "shall" in a statute is normally mandatory, there will be situations where "practical necessity" permits the use of discretion even in the presence of a "shall." *Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 761—62 (2005).
> . . .
> A plaintiff may not file frivolous actions against a judge and then base a motion for disqualification on those actions. *See United States v. Studley*, 783 F.2d at 939—40 (9th Cir. 1986). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted). Indeed, even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should, remain in the case to deal with the spiteful plaintiff.

*Id.*

In a similar case, the plaintiff filed a 138-page complaint "asserting violations of various state and federal laws, constitutional provisions, and county ordinances by somewhere upward of 100 defendants," including the district judge who was assigned to the case. *Davis v. Kvalheim*, 2007 WL 1602369, *1 (M.D. Fla. June 1, 2007). Like the judge in *Mellow*, the judge in *Davis* refused to recuse, noting that "disqualification is not required where the litigant baselessly sues or threatens to sue the judge." *Id.* at *2 (citing *In re Hipp, Inc.*, 5 F.3d 109 (5th Cir. 1993); *U.S. v. Grismore*, 564 F.2d 929 (10th Cir. 1977); *Bush v. Cheatwood*, 2005 WL 3542484 (N.D. Ga. 2005)).

Here, as in *Mellow* and *Davis*, the Court finds that recusal is not required because Plaintiff's claims against the undersigned have no basis in law. Plaintiff's 40-page, single spaced Motion Suggesting Voluntary Recusal indicates that he plans to sue the undersigned because the undersigned's rulings in this case and in Civil Action No. V-06-78 were erroneous and violated Plaintiff's constitutional rights. Specifically, Plaintiff complains that the undersigned "refused to address Plaintiff's 'protected class' status as an Indigent Pro Se litigant proceeding in forma pauperis entitled to a court-appointed attorney under 1915(e)(1)," and "has been deliberately allowing the case to stagnate for 67 days to date and has refused to either grant or deny Plaintiff's TRO motions or set a trial date while moving ahead with newer civil cases." (*Id.* at 4, 6.) With respect to Civil Action No. V-06-78, Plaintiff complains that the undersigned "admonished that Plaintiff not file any more petition in Case No. V-06-78 in violation of Plaintiff's civil and constitutional rights under color of law." (*Id.* at 8.) Moreover, the undersigned's "repeated dismissals without prejudice of the six well-pled complaints containing 85+ meritorious claims filed in V-06-78 are characterized as exhibitions of 'extreme bias,' 'prejudice,' 'discrimination,' and 'unseemly favoritism'. . . ." (*Id.* at 9.)

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial duties are those acts in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435—36 (1993) (citation and internal quotation marks omitted). Plaintiff's complaints against the undersigned regarding his rulings in this case and in V-06-78 therefore have no legal basis because Plaintiff cannot seek monetary damages from the undersigned for performing his official duties as a judge. *See Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (*citing Stump v. Sparkman*, 435 U.S. 349, 356 (1978). In other words, Plaintiff cannot sue the undersigned merely because the undersigned has made a decision against him. *See Bonner v. Kent*, 2008 WL 115108, *2 (S.D. Tex. Jan. 10, 2008) (citing *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993)).

Plaintiff further complains that the undersigned must recuse because, "[a]s Judges Wesley W. Steen and Vanessa D. Gilmore, two of his colleagues, were defendants in Cause No. V-6-78, one may conclude that a reasonable person could not help but harbor doubts about the impartiality of Judge John D. Rainey in the case at bar." (Dkt. No. 13 at 1.) The plaintiff in *Apel v. Davis* also moved the district judge to recuse on the basis that the judge was employed in the same court as the defendant—a magistrate judge—and by virtue of this employment, the two had a personal and professional relationship. *Apel v. Davis*, 2007 WL 4531521 (N.D. Fla. Dec. 14, 2007). The judge denied the plaintiff's motion, explaining:

> As Plaintiff offers no basis for his claim of bias other than the mere fact that the adverse party and the undersigned are employed in the same district court . . . he has failed to show that actual partiality exists or that any reasonable individual could conclude, based on these facts, that the partiality of the undersigned could be questioned.

*Id.* at \*3. Likewise, Plaintiff in this case has failed to present any evidence beyond conclusory allegations that the undersigned may appear to be impartial based on the fact that the undersigned, Judge Gilmore, and Judge Steen are all judges of the Southern District of Texas. This is no basis for disqualification.

In sum, the Court cannot agree that a reasonable person with full knowledge of all the relevant circumstances would harbor doubts of the undersigned's impartiality in this case. Plaintiff has failed to identify any facts showing that the undersigned's impartiality might reasonably be questioned, and the reasons offered by Plaintiff for recusal do not relate to any personal bias. Rather, they demonstrate that Plaintiff is dissatisfied with the undersigned's rulings and analysis of Plaintiff's claims in Civil Action V-06-78, as well as the undersigned's failure thus far to grant Plaintiff's request for a temporary injunction. It is no basis for disqualification that the undersigned has simply ruled adversely to Plaintiff's cause. *See United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). Plaintiff's Ex Parte Motion Suggesting Voluntary Recusal of Judges under Special Circumstances (Dkt No. 13) is therefore DENIED.

## Conclusion

Accordingly, it is **ORDERED** that:

1. Plaintiff's requests to proceed *in Forma Pauperis* (Dkt. Nos. 1 & 16) are **GRANTED**. The Clerk is directed to return the $350 "borrowed check" to Plaintiff.

2. Plaintiff's Ex Parte Motion for a Court-Appointed Attorney (Dkt. No. 2) is **DENIED**.

3. Plaintiff's Motion to Have All the Documents in this Case Sealed (Dkt. No. 11) is **DENIED**.

4. Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4) is **DENIED.**

5. Plaintiff's Motion Objecting to South Port Alto MUD Petition (Dkt. No. 9) is **DENIED**.

6. Plaintiff's Ex Parte Motion for Removal of Civil Rights Cases from the State Court to the District Court Pursuant to § 1443 (Dkt. No. 12) is **DENIED**.

7. Plaintiff's Ex Parte Motion Suggesting Voluntary Recusal of Judges under Special Circumstances (Dkt No. 13) is **DENIED**.

8. Plaintiff is **ORDERED** file a <u>concise</u> complaint in accordance with Federal Rule of Civil Procedure 8 within 15 days after the date of this Order.[3]

9. If Plaintiff fails to comply with this Order, or any other order of the Court, this action shall be dismissed.

**SIGNED** this 12th day of July, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

[3]. Rule 8 requires that a pleading stating a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8(d) further requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d). Nothing Plaintiff has filed in this case thus far can be characterized as short, plain, simple, concise, or direct, and his repeated violations of this rule will no longer be tolerated.